UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

ABELINO SANCHEZ ARECHIGA,   )
                            )
        Petitioner,         )
                            )
v.                          )        Case No. CIV-26-1120-R
                            )
MARKWAYNE MULLIN, et al.,    )
                            )
        Respondents.        )

## ORDER

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin [Doc. No. 8] recommending that the Petition be granted in part and Respondents ordered to provide Petitioner with a bond hearing where the government bears the burden of proof. Respondents filed a timely Objection [Doc. No. 9], which obligates the Court to undertake a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Respondents concede that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026) is controlling. They urge the Court to resolve Petitioner's claims on statutory grounds and avoid any further constitutional inquiry.

Upon de novo review, and in accordance with *Santillan Quiroz*, 2026 WL 1876709, the Court concludes that § 1226(a) governs Petitioner's detention. The Court further concludes that "the due process owed to Petitioner is that provided for in § 1226—namely,

an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Zhakhonov v. Grant,* No. CIV-26-350-J, 2026 WL 865418, at *3 (W.D. Okla. June 29, 2026) ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). However, "[t]he Court declines to issue an advisory opinion instructing the Immigration Judge to apply a particular [quantum or] burden of proof." *Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1 (W.D. Okla. July 1, 2026).

Accordingly, the Report and Recommendation [Doc. No. 8] is ADOPTED in part. The Petition for Writ of Habeas Corpus is GRANTED in part and Respondents are directed to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 27th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE